IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

MATTHEW BOSE KOLDEWEY,

Plaintiff,

v. : CIVIL ACTION NO.: CV507-085

BACON COUNTY PROBATION
DETENTION CENTER; Officer
TANNER; VALDOSTA STATE PRISON;
ROBERT L. PATTEN PROBATION
DETENTION CENTER; JAMES
CAMON, Warden; MOSES DANIELS,
Assistant Warden, and GEORGIA
DEPARTMENT OF CORRECTIONS,

Defendants.

## ORDER

Plaintiff, who is currently housed at the Glynn County Detention Center in Brunswick, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983, contesting the conditions of his confinement at detention centers and penal institutions throughout Georgia. By Order dated January 2, 2008, United States Magistrate Judge James E. Graham informed Plaintiff that his claims appeared to be unrelated and directed Plaintiff to advise the Court as to which claim or related claims he wished to pursue in this cause of action. Plaintiff responded to Judge Graham's Order.

AO 72A
(Rev. 8/82)

In his Response, Plaintiff asserts he was sent to Valdosta State Prison in Valdosta, Georgia, because the Bacon County Detention Center in Alma, Georgia, could not accommodate his medical needs.

Section 1983 has no statute of limitations of its own, and instead is governed in each case by the forum state's general personal injury statute of limitations. Reynolds v. Murray, 170 Fed. Appx. 49, 50 (11th Cir. 2006) (citing Owens v. Okure, 488 U.S. 235, 236, 109 S. Ct. 573, 574, 102 L. Ed. 2d 594 (1989)). Plaintiff filed his Complaint in Georgia, where the alleged violations of his rights occurred and where the general personal injury statutory limitation period is two years. O.C.G.A. § 9-3-33. "Federal law determines when the statute of limitations begins to run." Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir.2003). The period begins to run "from the date the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Reynolds, 170 Fed. Appx. at 51. "To dismiss a prisoner's complaint as time-barred prior to service, it must appear beyond a doubt from the complaint itself that the prisoner can prove no set of facts which would avoid a statute of limitations bar." Id.

A review of the pleadings Plaintiff has filed with the Court indicates Plaintiff was housed at the Bacon County Detention Center in January 2005, and he was transferred to Valdosta State Prison on February 2, 2005, at the latest. Plaintiff did not file his Complaint until October 26, 2007. As Plaintiff filed his Complaint after the expiration of the two (2) year statute of limitations period applicable to section 1983 actions, his Complaint is **DISMISSED**.[1]

SO ORDERED, this 4th day of April, 2008.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] The only claims this Court has jurisdiction over are those claims Plaintiff asserts against Officer Tanner and the Bacon County Detention Center. Should Plaintiff wish to pursue claims against the other entities he named as Defendants in this case, he can do so by filing a cause of action in the district court for the Middle District of Georgia.

AO 72A
(Rev. 8/82)

3